**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **DIGITAL DOORS, INC.,** | § | |
| *Plaintiff,* | § | |
| | § | **CASE NO. 7:25-CV-00109-DC-DTG** |
| *v.* | § | |
| **VANTAGE BANK TEXAS,** | § | |
| *Defendant,* | § | |

**REPORT AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

**TO:   THE HONORABLE DAVID COUNTS,
UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the defendant Vantage Bank Texas's Motion to Dismiss Complaint (Dkt. No. 12). After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that the Motion be **DENIED.**

## I.   BACKGROUND

The plaintiff, Digital Doors, Inc., brought this patent infringement suit against the defendant, Vantage Bank Texas. Dkt. No. 1. The Original Complaint accuses the defendant of infringing four United States patents. *Id*. ¶ 18. All four patents are from the same family, and as stated by the plaintiff, they relate to "methods and systems for organizing and processing data in

a distributed system and, more particularly, those which extract specific sensitive content for specialized storage and subsequent reconstruction." *Id*. ¶ 26.

The plaintiff asserts that the Shelter Harbor initiative and the standards it created infringe the asserted patent. *Id*. ¶ 95. The plaintiff asserts infringement of the patents based on information and belief that the defendant uses systems and methods that satisfy the Sheltered Harbor specification or that provide substantially similar functionality, in substantially the same way, to achieve the same result. *Id*. The plaintiff further asserts on information and belief that the defendant implemented:

> a plurality of interconnected storage systems, which are comprised of hardware (including servers) and software (including source code). On information and belief, such hardware and software are made, used, installed, maintained, sold, offered for sale, and tested in the United States on the authority and under the direction or control of VBT. On information and belief, such data archive systems are directly maintained by, and are accessible to, designated employees and/or representatives of VBT. Collectively, the foregoing components operate as a single controlled apparatus to provide secure data vaulting for the benefit of VBT, as specified by Sheltered Harbor or its operational equivalent.

*Id*. The plaintiff proceeds to read each asserted patent against the Sheltered Harbor standard. *Id*. ¶¶ 96–221.

The defendant, Vantage Bank Texas, moved to dismiss the plaintiff's original complaint. Dkt. No. 12. The defendant contends that the Original Complaint fails to assert a claim because it fails to specifically identify an infringing system or method of the defendant. *Id*. at 1. Rather, the Original Complaint accuses the defendant of using an industry standard—Sheltered Harbor specification—and alleges that the standard infringes the asserted patents. *Id*. The defendant contends that a good faith belief that the defendant complies with the standard is insufficient to state a claim. *Id*.

## II.    LEGAL STANDARD

To survive the defendant's motion to dismiss under Rule 12(b)(6), the plaintiff's complaint needs to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff meets this standard if the facts as plead allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Simply reciting claim elements or making conclusory allegations are insufficient to meet this standard. *See Textile Comput. Sys., Inc. v. Broadway Nat'l Bank*, 620 F.Supp.3d 557, 561–62 (W.D. Tex. 2022). In the context of a patent case, this requires the plaintiff to allege enough facts to put "a potential infringer . . . on notice of what activity or device is being accused of infringement." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013); *see also Golden v. Apple Inc.*, 819 F. App'x 930, 930–31 (Fed. Cir. 2020) (Patent infringement claims "are subject to the pleading standards established by . . . *Twombly*, 550 U.S. 544 . . . and . . . *Iqbal*, 556 U.S. 662 . . . .").[1] When deciding this motion, the Court takes all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).

## III.    ANALYSIS

The defendant contends that the Original Complaint fails to contain enough factual allegations to satisfy that standard. First, the defendant contends that the plaintiff fails to identify a specific system or technology used by the defendant. Dkt. No. 12 at 6. The defendant contends

---

[1] Before December 1, 2015, when Fed. R. Civ. P. 84 and Form 18 were abrogated, "Form 18 in the Appendix of Forms provided a form adequate to plead a direct infringement patent claim." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1258 (Fed. Cir. 2018) (citing *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012)). Now that Form 18 has been eliminated, the pleading standard for direct infringement is governed by *Twombly* and *Iqbal*. *See Golden*, 819 F. App'x at 930–31.

that the plaintiff cannot avoid providing more specificity simply because the information might only be known to the defendant. *Id*. at 7. Next the defendant contends that the lengthy assertions regarding Sheltered Harbor fail to describe any system or method that the defendant has or does. *Id*. at 8. The defendant also contends that the plaintiff failed to "affirmatively allege that [the defendant] is a Sheltered Harbor participant" or provide any facts that create a reasonable inference that it implemented a system that complies with Sheltered Harbor specifications. *Id*. Then, the defendant contends that the plaintiff's allegations are inconsistent when it asserts that the Sheltered Harbor specification is an industry standard but also that the defendant implemented an equivalent system. *Id*. at 9. Finally, the defendant asserts that without the allegations involving Sheltered Harbor, the Original Complaint only contains recitations of the claim language. *Id*. at 9–10.

The plaintiff counters by noting that this is not the first defendant to raise these arguments, and that the other defendants were all unsuccessful. Dkt. No. 15 at 1 (citing six rulings from the Eastern District of Texas denying similar motions). The plaintiff also points out that the identity of the defendant's accused systems and methods are not publicly available—as noted in the Original Complaint. Dkt. No. 15 at 2–3 (citing Dkt. No. 1 ¶ 67). For that reason, the plaintiff contends that it is entitled to plead allegations based on information and belief. *Id*. at 4–5 (listing several cases that support this proposition). The plaintiff also contends that its complaint contains sufficient factual detail describing operation of the Sheltered Harbor standard that it contends the defendant follows. *Id*. at 9–10. Finally, the plaintiff asserts that it is not arguing that the Sheltered Harbor standard is an essential standard, but rather is evidence of standard industry practices for large financial institutions, of which the plaintiff is one. *Id*. at 11.

The Court is persuaded that the plaintiff has provided sufficient detail to state a plausible claim. The Original Complaint provides substantial factual allegations about how the Sheltered Harbor standard meets the claim elements for the asserted patents. *See* Dkt. No. 1 ¶¶ 99–122 (detailing how a system that operates like the Sheltered Harbor standard infringes claim 25 of the '301 Patent). The Original Complaint also details the basis for the plaintiff's belief that that the defendant—a large commercial bank who is concerned with cyber security and protecting its customers' data—implements systems and methods that follow or are substantially similar to the Sheltered Harbor standard. *See* Dkt. No. 1 ¶¶ 4–7, 95. As the details of these systems are non-public, the Court finds that pleading based on information and belief is proper. *Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312, 1330 (Fed. Cir. 2009) (holding that pleadings based on information and belief are proper when another party has unique control over the information—even under Rule 9(b)'s heightened pleading standard). The Court is further persuaded by the opinions from the Eastern District of Texas addressing the same issue under very similar circumstances. *See* Dkt. No. 15 at 1 (collecting cases). The defendant's reliance on *Estech v. Regions*, No. 6:20-cv-00322-ADA, 2020 WL 6324321 (W.D. Tex. Oct. 18, 2020), is misplaced as that case involved no factual basis for its belief, and the plaintiff here has detailed the defendant's industry and concerns as a reason the plaintiff believes it implemented systems and methods like or substantially similar to the industry standard. If the defendant claims that belief is false, it can address its contention in discovery and future motions. But taking the plaintiff's allegations as true and indulging all reasonable inferences in the plaintiff's favor, the Court is persuaded that the defendant's motion should be **DENIED**.

## IV.    RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant Vantage Bank Texas's Motion to Dismiss (Dkt. No. 12) be **DENIED.**

## V.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 30th day of January, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE